SULLIVAN, Justice,
for the Court:
This is an appeal from the Circuit Court of Alcorn County, Mississippi, from a final judgment on a non-jury verdict in favor of appellees, Mississippi Employment Security Commission and South Central Bell Telephone Company, and against appellants, Helen A. Curtis, Vera Flournoy, Cathy C. Jordan, Judy M. Mote, and Joan Sanders.
Appellants were all employees of South Central Bell when their jobs were eliminated due to technological changes in that company’s operations that resulted in the closing of their respective offices. Flour-noy and Jordan were employed at Columbus, Mississippi; Mote was employed at McComb, Mississippi; Sanders and Curtis were employed at Corinth, Mississippi.
Under the collective bargaining agreement between South Central Bell and the Communication Workers of America, appellants were each given three options upon notice of the closing of their offices. These options included, (1) termination of employment with a lump sum payment of money based on a certain number of weeks’ pay for each year of credited service, (2) transfer to another job in another office of the employer, and (3) technological leave of absence pursuant to Article VII of the bargaining agreement.
Curtis and Sanders were offered transfers to Jackson, some 218 miles from their homes. This would have required a change' of residence and they both declined the transfer, taking instead the technological leave of absence. Flournoy and Jordan were offered transfers to Meridian, some 90 miles from their homes. As this too would cause a change in residence, they also declined the transfer and took technological leaves of absence. Mote was offered a transfer from McComb to Jackson, a distance of some 81 miles. This too would require her to change her residence so she declined transfer and took a technological leave of absence.
All five appellants filed claims for unemployment benefits during 1981 and each claim was denied by the claims examiner for the Mississippi Employment Security Commission and appeals were taken before the Appeals Referee. The Appeals Referee in each case upheld the decision denying the claims: An appeal was then perfected *738 to the Mississippi Employment Security Commission Board of Review, and that Board conducted a hearing on the matter and issued its findings of fact and its opinion. The Board found that in each case the appellants were ready and willing to accept any suitable employment in their respective areas. The Board found that rejection of the offers of transfer did not constitute rejection of suitable employment, since the transfers involved a change of residence. The Board also found that during their technological leaves of absence, appellants did not perform any service for South Central Bell or were they paid any wages by their employer during this period. After making these findings, however, the Board, relying upon South Central Bell Telephone Company v. Mississippi Employment Security Commission, 357 So.2d 312 (Miss.1978), found that appellants were not unemployed within the meaning of the statute and upheld the denial of benefits.
After consolidation to the Circuit Court of Alcorn County, that court, as an appellate court, affirmed the decision of the Board of Review denying unemployment benefits to the appellants.
The issue presented by this appeal is, based on the facts found by the Board of Review: Was our holding in South Central Bell Telephone Company v. Mississippi Employment Security Commission, supra, properly applied to deny benefits to appellants here. We hold that it was not.
This case is readily distinguishable from South Central Bell Telephone, supra. There the employees were offered jobs at distances of 35, 38 and 43 miles from their homes and declined to accept the employment, electing instead to take technological leaves of absence. Those distances were held not to be unusual or uncommon for employees in the same occupation or in the same area where the employees resided to drive to work. South Central Bell Telephone, supra, citing Graham v. Mississippi Employment Security Commission, Decision No. 244-R-61 (1962) and In Re Foshee, 46-BR-75 (1975). Under the test of In Re Foshee the distances required of the appellants in this case would certainly be unusual and uncommon and the longest distance in South Central Bell Telephone, supra, does not approach the shortest distance required to be traveled in this case.
The employees in South Central Bell Telephone, supra, failed to meet their burden of showing that they left work involuntarily as they unduly restricted their availability for work and were disqualified for employment benefits. Because of this, the Court further held in that case the taking of technological leave under those circumstances was a voluntary taking of leave and that, therefore, those employees were not unemployed within the meaning of the statute and were, therefore, disqualified.
Such is not the case here. Appellants lost their jobs by technological advances. Thus they were involuntarily placed in the position of choosing one of the three options outlined above. As a practical matter, only two options remained — taking a technological leave of absence or terminating their employment and accepting severance pay. While on the surface this may appear to be a choice, in reality it is no choice at all. Faced with the choice of terminating their relationship with their employer or taking a leave of absence in the hopes that their relationship with their employer could be restored, the appellants took the only practical alternative available to them, the technological leave of absence. Under these circumstances, when contrasted to the factual situation in South Central Bell Telephone Company, supra, we cannot say that the taking of a leave of absence was voluntary and that the appellants were not unemployed within the plain meaning of Mississippi Code Annotated § 71-5-513 (1972), and Mississippi Code Annotated § 71-5-11(0), (Supp.1983).
We conclude that the Commission erroneously applied the law to facts which are without substantial dispute. There is nothing to support a view that traveling the distances indicated in this record is comparable to traveling to Greenwood, Clarks-dale or Greenville from Cleveland.
*739 We hold that the Commission was in error, as a matter of law, in holding that the appellants were not unemployed and not eligible for unemployment benefits under the statute. The judgment appealed from is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
BOWLING and ROBERTSON, JJ., not participating.